113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anna Ijeoma ROOS, a/k/a Anna Arnolda Roos; a/k/a Ijeoma
Grace Ikoro, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70589.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Azv-lvz-uur.
 
 BIA
 
 2
 REVIEW DENIED.
 
 
 3
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges
 
 
 4
 MEMORANDUM**
 
 
 5
 Petitioner, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") denial of her application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 6
 We review a denial of asylum for an abuse of discretion and the factual findings underlying the decision are reviewed for substantial evidence. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). The BIA's determinations should not be reversed absent compelling evidence of persecution. See id.
 
 
 7
 To establish eligibility for asylum, petitioner must show an objectively reasonable fear of persecution in Nigeria on account of race, religion, nationality, membership in a particular social group, or political opinion. See Acewicz v. INS, 984 F.2d 1056, 1061-62 (9th Cir.1993). The burden is on the alien to meet this standard. See 8 C.F.R. § 208.13(a).
 
 
 8
 Petitioner's claim for asylum is premised on her fear of mistreatment by the Nigerian government due to her political activities stemming from her membership in the Ikoro family. Petitioner testified that she married into the Ikoro family in 1989. The family has been engaged in import-export activities for several years and is relatively wealthy by Nigerian standards. Petitioner's brother-in-law, David Ikoro Elechi, is the Chairman of the Southern Democratic Party ("SDP") and the managing director of the family business. Petitioner testified that as a member of the Ikoro family she was the subject of harassment by government thugs. She further testified that she decided to leave Nigeria after her husband's cousin was ambushed when returning to the family compound from a political rally.
 
 
 9
 Petitioner's husband testified that he was detained by Nigerian custom officials on several occasions on charges that he failed to pay certain custom duties. He testified that the Nigerian government detained him in an effort to punish his older brother for his political involvement and undermine his brother's political image. Petitioner's husband also testified that his brother was forced to flee Nigeria in 1989 for two weeks and that due to the faulty postal and telephone systems, he is uncertain whether his brother remains in Nigeria.
 
 
 10
 Substantial evidence supports the BIA's finding that petitioner failed to establish a well founded fear of persecution based on her membership in the Ikoro family or the SDP. Petitioner has failed to show a well founded fear of persecution based on incidents linked to her family. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995) (attacks on family members do not necessarily establish a well founded fear of persecution absent a pattern of persecution tied to the petitioner). Even if family members living in the family compound are harassed by the Nigerian government, petitioner's testimony indicates that she can avoid harassment by living elsewhere in Nigeria. See Quintanilla-Ticas, 783 F.2d 955, 957 (9th Cir.1986).
 
 
 11
 Because petitioner failed to demonstrate a well founded fear of persecution she also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 12
 Finally, to the extent petitioner claims that the BIA erred by adopting the decision of the IJ, we reject the argument because it is clear from the record that the BIA gave petitioner's case individualized consideration. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 13
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3